# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RADIO SYSTEMS CORPORATION d/b/a PETSAFE BRANDS, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. _____ |
| v. | )<br>) |
| TAIZHOU XINGYI TECHNOLOGY CO., LTD. d/b/a PET HAHA, | ) JURY TRIAL DEMANDED<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

This is a suit for patent infringement. Plaintiff Radio Systems Corporation d/b/a PetSafe Brands ("PSB"), through its undersigned attorneys, alleges as follows for its Complaint against Defendant Taizhou Xingyi Technology Co., Ltd., a/k/a TaizhoushiXingyikejiyouxiangongsi, a/k/a 台州市星熠科技有限公司, d/b/a PET HAHA ("PET HAHA").

## THE PARTIES

1.     PSB is a corporation organized under the laws of the State of Delaware. Its principal place of business is located at 10427 PetSafe Way, Knoxville, Tennessee 37932.

2.     On information and belief, PET HAHA is a Chinese entity that sells products into the United States, including in this District, via Amazon. According to its Amazon profile, PET HAHA has a principal place of business at No. 72, Xincheng Road, Building 1, Second Floor, Xinqian Street, Huangyan District, Taizhou City, Zhejiang Province, 318027, China. PSB has been informed and on that basis believes and alleges that PET HAHA's reported business address is not accurate. Upon further information and belief, PET HAHA maintains no physical place of business in the United States and is not resident of the United States.

## JURISDICTION AND VENUE

3. This suit arises under the Acts of Congress relating to patents, 35 U.S.C. §§ 271, 281–285, and 289. This Court has exclusive subject matter jurisdiction over PSB's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has specific personal jurisdiction over PET HAHA because PET HAHA maintains an Amazon store front that is accessible in this District and on which it advertises, offers for sale, and sells its products, including the infringing products, into this District. PET HAHA has purposefully directed its activities to this District, the effects of PET HAHA's misconduct have been and continue to be felt in this District, and PSB's claims arise directly out of these activities.

5. PET HAHA will also be subject to personal jurisdiction in this District under Rule 4(k)(2) once service is effectuated. Fed. R. Civ. P. 4(k)(2). PET HAHA has substantial contacts with the United States by purposefully directing its commercial activities to the United States through the maintenance of its Amazon store front. Pet HAHA's nationwide conduct including online sales and deliveries within the United States, solicitation of U.S. customers, and importation of infringing products into the United States give rise to PSB's claims. On information and belief, PET HAHA is not subject to jurisdiction in any state's courts of general jurisdiction. Exercising jurisdiction over PET HAHA in this case is consistent with the United States Constitution and laws.

6. Because PET HAHA is not resident in the United States, venue is proper in any judicial district, 28 U.S.C. § 1391(c)(3), and the limitations of 28 U.S.C. § 1400(b) do not apply. Thus, venue is proper in this District.

## PSB'S PATENTS-IN-SUIT

7. PSB was founded in the early 1990s. It is in the business of making and selling pet technologies and solutions, which it sells under multiple brands throughout the world. Its flagship brand is PetSafe®. PSB is second to none in providing innovative solutions for cats and dogs. It has spent significant time and resources researching, designing, developing, and marketing new and innovative technologies and products in the pursuit of the wellbeing and comfort of pets and the convenience of their owners. PSB's many innovations have been recognized through the grants of multiple patents by the United States Patent and Trademark Office and other patent offices around the world. PSB takes great care to protect and manage its intellectual property portfolio, including its patents, copyrights, trademarks, trade secrets, and confidential information, which are valuable assets of the company.

8. PSB has developed a line of self-cleaning cat litter boxes and related products, which it sells under the PetSafe® brand. These litter boxes offer a convenient solution for cat owners by simplifying the litter box cleaning process. The self-cleaning litter boxes often include a motorized raking system that moves cat waste into a covered waste storage area, reducing odor and allowing for straightforward and easy waste disposal. The self-cleaning litter boxes utilize disposable or reusable waste trays (or "cartridges") that include lids to cover the waste storage area of the tray. To refresh the litter box, the user simply replaces the cartridge. These self-cleaning litter boxes and cartridges are the subject of numerous PSB patents. One version of PSB's self-cleaning litter box and cartridge is depicted below:



*1: Image taken from Crystal Litter Box - ScoopFree® Crystal Classic Self-Cleaning | PetSafe®*

9. U.S. Patent No. 7,762,213 (the "'213 patent"), titled "Self-cleaning litter box," duly and legally issued on July 27, 2010, from U.S. Patent Application No. 10/574068, which was filed on September 30, 2004. A true and correct copy of the '213 patent is attached as **Exhibit A**. The '213 patent is valid and enforceable.

10. All right, title, and interest in and to the '213 patent was properly assigned from Lucky Litter, LLC to PSB on November 30, 2012. This assignment was duly recorded with the United States Patent and Trademark Office at reel/frame 29453/0150 on December 12, 2012. A true and correct copy of the assignment to PSB is attached as **Exhibit B**.

11. PSB owns all right, title, and interest in and to the '213 patent, and it has held all right, title, and interest in and to the '213 patent for all relevant times, including the right to sue for and collect past, present, and future damages.

12. The '213 patent covers litter tray cartridges for use in collecting and storing cat waste in connection with self-cleaning litter boxes.

13. U.S. Patent No. D786,514 (the "'514 patent"), titled "Reusable litter tray," duly and legally issued on May 9, 2017, from U.S. Patent Application No. 29/562179, which was filed on

April 22, 2016. A true and correct copy of the '514 patent is attached as **<u>Exhibit C</u>**. The '514 patent is valid and enforceable.

14. PSB owns all right, title, and interest in and to the '514 patent, and it has held all right, title, and interest in and to the '514 patent for all relevant times, including the right to sue for and collect past, present, and future damages.

15. The '514 patent covers an ornamental design for a litter tray cartridge.

16. PSB has complied with all applicable requirements of the patent-marking statute, 35 U.S.C. § 287, pertaining to the '213 patent and '514 patent.

## PET HAHA'S INFRINGING PRODUCTS

17. PET HAHA markets and sells cartridges. It offers its products through third-party retail platforms, including Amazon (ASIN B0FJQSMLGF).

18. PET HAHA competes directly with PSB in the cartridge product segment through its manufacture, use, marketing, sale, offer for sale, and/or import of its Crystal Cat Litter and Disposable Litter Tray product (the "Accused Product"). The Accused Product is depicted in this snapshot from PET HAHA's Amazon listing:



*2 Image taken from Amazon.com: PET HAHA*

## PET HAHA INFRINGES THE '213 PATENT

19. Claim 23 of the '213 patent requires a generally non-compartmentalized litter cartridge used with a litter box machine, the cat litter cartridge comprising a floor and at least one side wall and an opening on top defining a single chamber for carrying litter, receiving waste, and storing waste mixed with litter; and a waste lid mounted to said at least one side wall for covering only a portion of said single chamber in a closed position, defining a covered portion and an uncovered portion, said covered portion defining a waste storage area for storing waste mixed with litter, said uncovered portion defining a waste receiving area, said waste lid including a coupling element to allow opening of said waste lid by an external force so that waste can be moved from said waste receiving area to said waste storage area.

20. The Accused Product, pictured below, includes all the features of claim 23 of the '213 patent:

   a. A generally non-compartmentalized litter cartridge used with a litter box machine:



*3 Image taken from Amazon.com : Crystal Cat Litter and Disposable Litter Trays 5 Sets Compatible with Petsafe Scoop-Free Classic/Legacy/Smart Litter Boxes, Triple Leak Proof Design, Excellent OdorControl, One-Hand Disposing. : Pet Supplies*

   b. A floor and at least one side wall and an opening on top defining a single chamber for carrying litter, receiving waste, and storing waste mixed with litter:



4 Image taken from Amazon.com : Crystal Cat Litter and Disposable Litter Trays 5 Sets Compatible with Petsafe Scoop-Free Classic/Legacy/Smart Litter Boxes, Triple Leak Proof Design, Excellent OdorControl, One-Hand Disposing. : Pet Supplies

    c. A waste lid mounted to said at least one side wall for covering only a portion of said single chamber in a closed position, defining a covered portion and an uncovered portion, said covered portion defining a waste storage area for storing waste mixed with litter, said uncovered portion defining a waste receiving area, said waste lid including a coupling element to allow opening of said waste lid by an external force so that waste can be moved from said waste receiving area to said waste storage area:



5 Image taken from Amazon.com : Crystal Cat Litter and Disposable Litter Trays 5 Sets Compatible with Petsafe Scoop-Free Classic/Legacy/Smart Litter Boxes, Triple Leak Proof Design, Excellent OdorControl, One-Hand Disposing. : Pet Supplies

    21. As further shown in the claim chart attached as **Exhibit D**, the Accused Product contains every element of at least claim 23 of the '213 patent.

**PET HAHA INFRINGES THE '514 PATENT**

22. The '514 patent covers an ornamental design for a litter tray cartridge. (*See* Ex. C)

23. The Accused Product comprises a litter tray cartridge.

24. The ornamental design of the cartridge of PET HAHA's Accused Product is the same or substantially the same as the ornamental design of the '514 patent.

25. The claimed design of the '514 patent is shown below:



26. An exemplary specimen of PET HAHA's Accused Product is shown below:



27. For example, the claimed design of the '514 patent and the Accused Product each exhibit a rectangular basin having a bottom surface and four outer walls. The basis is subdivided into two areas by a ridge traversing the width of the rectangle. The ridge is shorter than the outer walls and substantially closer to one of the two outer walls parallel to it than the other. The outer walls and the ridge connect to the bottom surface to create concave curves.

28. The designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs and induced to purchase PET HAHA's product believing it to be substantially the same as the design protected by the '514 patent.

29. The prior art further supports this determination. The following table depicts images from representative prior art patents for litter trays that were cited during prosecution of the application that ultimately issued as the '514 patent. None of the prior art designs remotely resembles PSB's patented design. Therefore, any minor deviations in the PET HAHA's cartridge would not alter the conclusion that the Accused Product embodies the overall effect of the '514 patent in sufficient detail and clarity to cause market confusion.



## COUNT I

### INFRINGEMENT OF THE '213 PATENT

30. PSB repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth here.

31. PSB owns all right, title, and interest in and to the '213 patent, including the sole and exclusive right to prosecute this action, to enforce the '213 patent against infringement, and to collect damages for all relevant times.

32. The '213 patent is generally directed to cartridges for use in collecting and storing cat waste in connection with self-cleaning litter boxes.

33. PSB has not authorized PET HAHA to practice or otherwise exploit the '213 patent.

34. PET HAHA has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '213 patent by making, using, selling, offering for sale, and/or importing an article of manufacture, including but not limited to the Accused Product, in the United States.

35. As shown in the attached claim chart, which is exemplary and not limiting, the Accused Product meets every limitation of at least independent claim 23 of the '213 patent. (*See* Ex. D.)

36. PSB has been damaged by PET HAHA's infringement of the '213 patent and will continue to be damaged in the future unless PET HAHA is permanently enjoined from infringing the '213 patent and from selling infringing products. PET HAHA competes directly with PSB, and PSB has no adequate remedy at law.

37. PSB has lost sales of its competing products due to PET HAHA's infringement of the '213 patent. PSB is entitled to receive at least a reasonable royalty for its damages caused by PET HAHA's infringement.

38. PET HAHA's infringement is willful and supports an award of treble damages under 35 U.S.C. § 284.

39. For at least all the foregoing reasons, this case is exceptional and entitles PSB to attorney fees and costs under 35 U.S.C. § 285.

**COUNT II**

**INFRINGEMENT OF THE '514 PATENT**

40. PSB repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth here.

41. PSB owns all right, title, and interest in and to the '514 patent, including the sole and exclusive right to prosecute this action, to enforce the '514 patent against infringement, and to collect damages for all relevant times.

42. The '514 patent is generally directed an ornamental design for a cartridge.

43. PSB has not authorized PET HAHA to practice or otherwise exploit the '514 patent.

44. PET HAHA has infringed and continues to infringe the '514 patent by making, using, selling, offering for sale, and/or importing in the United States products infringing the design covered by the '514 patent, including but not limited to the Accused Product.

45. PET HAHA has applied the patented design, or a colorable imitation thereof, to an article of manufacture, including but not limited to the Product, for the purpose of sale and has sold or exposed for sale an article of manufacture, including but not limited to the Product, to which the patented design or a colorable imitation has been applied.

46. PSB has been damaged by PET HAHA's infringement of the '514 patent and will continue to be damaged in the future unless PET HAHA is permanently enjoined from infringing the '514 patent and from selling infringing products. PET HAHA competes directly with PSB, and PSB has no adequate remedy at law.

47. PSB has lost sales of its competing products due to PET HAHA's infringement of the '514 patent. PSB is entitled to receive at least a reasonable royalty for its damages caused by PET HAHA's infringement.

48. PET HAHA's infringement is willful and supports an award of treble damages under 35 U.S.C. § 284.

49. For at least all the foregoing reasons, this case is exceptional and entitles PSB to attorney fees and costs under 35 U.S.C. § 285.

# DEMAND FOR JURY TRIAL

PSB demands a jury trial on all issues so triable.

# PRAYER FOR RELIEF

WHEREFORE, PSB respectfully requests the Court enter judgment in its favor and against PET HAHA on the patent infringement claims set forth above and grant the following relief:

a. A judgment that PET HAHA has infringed at least one claim of United States Patent Nos. 7,762,213B2 and/or D786,514;

b. A preliminary and permanent injunction enjoining and restraining PET HAHA, its officers, directors, agents, servants, employees, attorneys, and all others acting under or through them, directly or indirectly, from making, using, importing, selling, and/or offering for sale any product that infringes, directly or indirectly, United States Patent Nos. 7,762,213B2 and/or D786,514;

c. A judgment and order requiring PET HAHA to pay damages, with interest, to PSB under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284;

d. A finding that this case is exceptional under 35 U.S.C. § 285 and a judgment and order directing PET HAHA to pay the costs of this action (including all disbursements) and attorney fees as provided by 35 U.S.C. § 285, with interest; and

e. Such other and further relief as this Court may deem just and equitable.

Dated: December 29, 2025

Respectfully submitted,

*s/ Ian McFarland*
John T. Winemiller (021084)
Ian G. McFarland (030549)
Elizabeth Harwood Pierce (037916)
W. Taylor McCarty* (043332)

Merchant & Gould P.C.
800 S. Gay Street, Suite 2150
Knoxville, TN  37929
Telephone: (865) 380-5960
Facsimile: (612) 332-9081
jwinemiller@merchantgould.com
imcfarland@merchantgould.com
epierce@merchantgould.com
wmccarty@merchantgould.com

*Attorneys for Plaintiff Radio Systems Corp.*

* Application for admission pending